My name is Margaret K. Teller. I represent the government in this matter. In this case, the immigration judge denied relief based on an adverse credibility finding. It's impossible to prevail on an asylum claim if there is no credible testimony. The petitioner has not challenged the adverse credibility finding. Therefore, the adverse credibility finding stands, and the issue is waived, and there really is nothing for this court to consider. The court has not challenged the adverse credibility finding, and there really is nothing for this court to consider. The petitioner said on page 5 of the brief, the Board of Immigration erred as a matter of law in affirming the immigration judge's conclusion that Petitioner's credible testimony was insufficient. Well, no one deemed his testimony credible. Then on page 16, Puello says … It appears to me to be a typographical error. I think they meant not credible. All right. Well, even assuming that that's a possibility, on page 16 of the brief, it says, Neither the decision of the immigration judge nor the decision of the board which upheld it contain any finding that the petitioner was not credible. Now, that's fairly clear-cut, Judge. I'm sorry. You're reading from what page? Page 16 of the petitioner's brief. What line? I'm on that page. Actually, the lines are numbered, so this is easy. Yeah, I know. 22. Neither the decision of the immigration judge nor the decision of the board contain any finding that Petitioner was not credible. That's simply incorrect. Oh, in other words, so he's saying there's no adverse credibility finding. You say there is one. I'm back, for example, at the top of page 13, lines 3 and 4. This is just now the brief. In light of the above assertion, there is no evidence of contradiction offered by the IJ or the INS that Goel's testimony was less than truthful as to the detention and beating. You know, you've seen more of these briefs than we have, but we've all seen an awful lot of these briefs, and they are often less than artful. To my mind, the credibility issue has been fairly raised. So let's talk about credibility. All right, Your Honor, I just want to make clear that it's still the government's position that this brief does not raise credibility, and there are a scatter of references to inconsistencies which I could find and tab, and those are not enough to raise credibility either. And furthermore, when I checked back at the notice of appeal to the board, there was no credibility raised at that point either. So even if the credibility is raised in this brief, the petitioner did not exhaust us to credibility, and so there's no jurisdiction. I understand your argument, but I'd like to talk about credibility on the assumption that it's properly in front of us. All right, well. And I understand you're not waiving that issue, but. All right. Thank you for making that clear. Okay. So are there questions that you have about credibility, or would you just like me to address it, Your Honor? Why don't you start addressing, and then we'll see what happens. All right. In terms of the credibility issue, assuming there is one, there are basically two events, two events that Kuo attaches his asylum claim to. One is his first detention of a day, and the second one is his 15-day detention. And these are supposedly tied to his Christian religion in China. Now, he came to the United States on a business visa, not as a refugee, and then later converted to Christianity. Well, that's what you say. Well, that's what he says that he converted to Christianity in the United States, or at least his pastor does. And then he also says. I'm not sure that that's what his pastor says. His pastor says that I baptized him here, but the testimony of the pastor is not. I'll just read a bit of it. This is out of AR-86. So as far as you know then, prior to the baptism, and I assume that refers to the baptism here in the United States, do you know if Respondent had ever accepted Jesus prior to that, or if it occurred prior to the baptism, in terms of a formal way? Yes, before that. Then we get, when? Answer. And we ask him some questions, which leads me to suspect there may be some trouble with the translation, although I can't quite tell what. And so this was his first baptism, as far as you know. Yes. Right. So there are an awful lot of Christians who have not been baptized, and he's only saying his first baptism as far as he knows. But he's also said that he had accepted Jesus before the baptism. So I don't really see his pastor here as saying, you know, he converted here. I see this as entirely consistent with his having been a Christian before coming to this country. It does not recite chapter and verse about his religious practices or beliefs in China before coming, but it certainly doesn't say he was not a Christian until he got to this country. Well, certainly there's an inconsistency in the record about the baptisms, because there's a first baptism in China and there's a first baptism in the United States. And, of course, there can't be two firsts. Yes, but this is testimony by his American pastor, and the question is, so this was his first baptism as far as you know. Yes. All right. There's another inconsistency that I'd like to point out. No, keep going, please. In terms of Kuo's release from the second detention, he was asked why he was released after 15 days, what happened on day 15. Once he testified that that's just the standard procedure when you get arrested, they keep you for 15 days and then they release you. And later he testified that he had been defiant with the prison guards and that he had finally decided to, you know, slack off on that defiance, and so that's why they released him. So there's another inconsistency in the record. How is that inconsistent? If you are subject to disciplinary proceedings when you're in custody, even if it's before you're charged, you can be disciplined if you beat up a guard or something. Sure. But he said the first time the reason he was released was just because 15 days. And the second time he said he was released at day 15 because at that point he had stopped being obstreperous. So those are two different reasons for being released. He's also incredible in terms of his work history. He tells a pretty long tale about who he met with in China, what American company he had negotiated with, and then why he came to the United States. And he says, but he didn't come to the United States to work, yet he was associated with the same people that he had talked to in China. So the story about his work history in China and in the U.S. is just all over the lot. And an inconsistency that relates to persecution? It's inconsistency that relates to his credibility. It goes to his overall credibility and the reason why he came to the United States, because he's claiming on the one hand that he came to the United States because he was fleeing persecution. However, if this work history, if he came to the United States because he had a job, then he didn't come because he was fleeing persecution. Although he can't remember the name of the company that he's put down that he's coming to this country for. So that suggests, if that's true that he can't remember, that suggests that he's not really coming to this country for a job. Because if you come to this country for a job, you probably do know the company. His testimony, frankly, about his work reasons for coming is hard to follow. And about his work experiences in China. So in sum, Your Honors, I see my time is running out. It's the government's position that there is no case here that this was denied on the basis of an adverse credibility finding, that that adverse credibility finding was never challenged, that he didn't exhaust this to credibility, that he waived it. And if the court reaches beyond that, which I think would be wrong, he was incredible anyway. Thank you very much. Counsel, would you clarify something for me? On the docket sheet, the last name of the petitioner is spelled C-U-O. And on the brief, it's G-U-O. And would you tell me what the correct name of the petitioner is? I think it's C-U-O, but I'm not positive because a petitioner has spelled it both ways. Okay. Okay. Thank you very much. The case of either C-U-O or G-U-O, but it's on the docket sheet as C-U-O, so I'll treat it that way for our administrative purposes, is submitted. The next case on the calendar is Chen v. Ashcroft.
judges: Alarcon, Beezer, W. Fletcher